PETER M. HOFFMAN SBN: 66205
1801 Century Park East, #1830
Los Angeles, CA 90067
Telephone: (332) 372-3080
Facsimile: (323) 389-0664
Email: phoffman@7artspictures.com

Attorney for Plaintiff Seven Arts Filmed
Entertainment Limited

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVEN ARTS FILMED ENTERTAINMENT LIMITED, an English corporation. | Case No.: **CV11 04603** GAF FMOx |
| Plaintiff, | COMPLAINT FOR COPYRIGHT INFRINGEMENT; DECLARATORY RELIEF; ACCOUNTING; ATTORNEY FEES |
| vs. | |
| CONTENT MEDIA CORPORATION PLC, an English corporation; PARAMOUNT PICTURES CORP., a Delaware corporation; DOES 1 - 10 | |
| Defendants. | |

Plaintiff SEVEN ARTS FILMED ENTERTAINMENT LIMITED by their undersigned attorneys, allege upon knowledge as to itself and its conduct, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.    Plaintiff brings this action for copyright infringement, declaratory relief,

1

accounting, establishment of a constructive trust and injunctive relief to establish its rights alleged herein under copyright ("Plaintiff's Rights") in and to certain copyrights or copyright interests in and to the motion pictures "Rules of Engagement," "An American Rhapsody," "Who is Cletis Tout," "The Believer," and "Onegin," (the "Pictures"), to obtain accounting and payment of monies due to Plaintiff improperly converted by Defendants from distribution of the Pictures and to prevent Defendants from continued use or exploitation of Plaintiff's Rights in the Pictures, as more particularly alleged herein below.

## PARTIES/JURISDICTION/VENUE

2.     Plaintiff Seven Arts Filmed Entertainment Limited is a corporation incorporated under the laws of England and Wales, with its principal place of business in London, England.  Plaintiff is the successor in interest by written assignment of all interests in the Pictures owned by CineVisions, an inactive California corporation ("CV"), Seven Arts Pictures Inc., a Nevada corporation, Stander Productions Limited, an Ontario, Canada corporation, Henry Bean, an individual, and The Believer LLC, a New York limited liability company (collectively the "Predecessors").  Plaintiff and its Predecessors have done business at all relevant times and continue to do business under the fictitious name "Seven Arts International."

3.     Defendant Content Media Corporation plc ("Content") is a corporation incorporated under the laws of England and Wales, with a regular place of business in the County of Los Angeles, State of California.  Defendant Paramount Pictures

Corporation ("Paramount") is a Delaware corporation, with its principal place of business in the County of Los Angeles, State of California. Content is the assignee and/or licensee of all interests that Fireworks Entertainment Inc., an Ontario, Canada corporation, Fireworks Pictures Releasing (U.S.) Inc., a California corporation, CanWest Entertainment Inc., an Ontario Canada corporation, and CanWest Entertainment International Distribution, an Irish joint venture (collectively the "CanWest Parties"), purport to own in the Pictures. Paramount is the licensee of certain distribution rights in and to the Pictures from Plaintiff's Predecessors, the CanWest Parties and/or Content and has paid and continues to pay all receipts from distribution of the Pictures to Content and/or the CanWest Parties, despite demands from Plaintiff and the Predecessors requiring payment of such receipts to Plaintiff.

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), as an action arising under the Copyright Act of 1976, as amended. This Court has personal jurisdiction over Content because of its extensive and persistent contacts with California and its place of business in the City of Los Angeles.

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

6.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as Does 1-10, inclusive, are unknown to Plaintiff at the present time, and Plaintiff therefore sues said Defendants, and each of them, by

3

such fictitious names.  If necessary, Plaintiff will seek leave of court to amend this Complaint to allege the true names and capacities of each such Defendant when they are ascertained.

7.    Plaintiff is informed and believes and on that basis alleges that each of Does 1-10, inclusive, participated in the activities described herein and rendered material assistance to Content, the CanWest Parties and/or Paramount in the performance of the actions alleged below.  Plaintiff is further informed and believes and on that basis alleges that certain of the Defendants conspired and agreed with and aided and abetted one or more of the other Defendants in additional ways which are unknown to Plaintiff at this time.

8.    Plaintiff is informed and believes and on that basis alleges that at all relevant times hereto each of the Defendants was the principal or agent, partner, independent contractor, licensee, assignee, and/or employee of at least one other of the Defendants, and all of the acts performed by them or omissions alleged herein were made in the scope and course of such relationship, and with the knowledge, consent, approval and/or ratification of the principals, and each of them.

9.    Plaintiff is informed and believes and on that basis alleges that there exists, and at all relevant times hereto has existed, a unity of interest and ownership between each of the Defendants named herein, such that any individuality and separateness between them has ceased and each is the "alter ego" of the other, and that adherence to the fiction of the separate existence of each Defendant as an entity or

1    individual distinct from any other Defendant would therefore permit an abuse of the

2    corporate privilege and would sanction fraud and promote injustice.

3        10.   Plaintiff is informed and believes and on that basis alleges that each of

4    the parties named herein as Defendants, including those named as Does 1-10,

5

6    inclusive, are responsible in some manner for the occurrences and matters alleged

7    herein and that Plaintiff's injuries and damages were and are the direct and proximate

8

9    result of the actions and omissions of these Defendants, and each of them.  Plaintiff is

10   further informed and believes and on that basis alleges that each of the Defendants

11

12   herein is, in some manner or fashion, by contract or otherwise, the successor, assignee,

13   joint venturer, co-venturer, co-conspirator, partner or alter ego of the others, or was

14   otherwise involved with the other Defendants in the wrongdoing alleged herein, and

15

16   by virtue of such capacity, assumed the obligations herein owed by Defendants to

17   Plaintiff.  Each Defendant is liable and responsible on the facts alleged herein for all

18   of the relief sought.

19

20                              GENERAL ALLEGATIONS

21       11.   Plaintiff's Predecessors and their employees performed services and

22   contributed tangible written expression to the production of each of the Pictures

23

24   ("Plaintiff's Tangible Expression") and none of the Plaintiff's Tangible Expression was

25   created as an "employee for hire" of Defendants.  Plaintiff, their transferors and/or

26   their employees have received screen credit on the Pictures.  Plaintiff's Tangible

27   Expressions are utilized in each Picture and are part of Plaintiff's Rights alleged

28

herein.

12.    Plaintiff is the registered owner or assignee of the registered owner of the following United States copyrights:

A.  the screenplay for the Picture entitled "An American Rhapsody" (PAu-2-452-675).

B.  the Picture entitled "An American Rhapsody" (PAu-2-575-028).

C.  the screenplay for the Picture entitled "The Believer" (PAu-2-454-345).

D.  the screenplay for the Picture "Who is Cletis Tout?" (PAu-2-626-148).

13.    Plaintiff is the assignee of the grantees of exclusive rights under United States copyright to the following Pictures:

A.  "The Believer" (PA-1-125-575).

B.   "Rules of Engagement") (PA-986-138), with respect to all rights under copyright outside the United States and Canada.

C.   "Onegin" (PAu-2-396-125)

The CanWest Parties purported to register the copyright to the Picture entitled "The Believer" ("Believer") as a "work made for hire." "Believer" was not a "work made for hire," and Plaintiff is the exclusive grantee of rights under copyright to distribute "Believer" from The Believer LLC, who is the owner of the copyright in "Believer."

14.    CV had previously filed an action in Los Angeles Superior Court

6

encaptioned <u>CineVisions v. Fireworks Entertainment Inc. et al</u>, BC 282-277 (filed September 26, 2002) ("Original CV Action"), alleging that CV and the CanWest Parties entered into a contract with respect to <u>inter alia</u> the Pictures and certain other motion pictures therein described in a "Heads of Agreement" dated as of August 31, 1999 ("HOA") and executed by CV and Peter Hoffman ("Hoffman"). The CanWest Parties sought removal of the Original CV Action to this Court and then made a Motion to Dismiss the Original CV Action based on a "forum selection clause" in the HOA. This Court in an Order dated February 7, 2003, (District Court No. CV-02-9259ER) granted the CanWest Parties' Motion to Dismiss based on the "forum selection clause" in the HOA, rejecting CV's argument that CanWest Parties intended to deny that the HOA was a binding agreement and therefore must either affirm the HOA (and then rely on the "forum selection" clause) or deny the HOA (and lose the benefit of the "forum selection" clause).

15.   CV then filed a Statement of Claim against the Canwest Parties in the courts of Ontario, Canada on April 23, 2003 encaptioned <u>CineVisions v. Fireworks Entertainment, Inc. et al</u>, No. 03-CV-247553CM2 ("Canadian Action"). The Canwest Parties responded with a Statement of Defense filed July 11, 2003 in the Canadian Action which in Paragraph 15 thereof and elsewhere specifically denied that the HOA was a contract (the same contract which CanWest Parties sought to enforce before this Court) or that CanWest Parties were bound to the terms of that contract or any other contract with CV.

7

16. Based on the Statement of Defense filed by the CanWest Parties, Plaintiff's Predecessors elected to rescind any contracts which may have existed among the parties and to bring an action for copyright infringement against the CanWest Parties in this Court, to wit <u>Seven Arts Pictures et al v. Fireworks Entertainment, et al.</u>, No. CV 05-02905 ABC, ("Prior US Action"), the First Amended Complaint of which being filed on May 11, 2005. On or about May 10, 2005, Plaintiff's Predecessors became aware that the CanWest Parties had purported to sell the copyrights in the Pictures to ContentFilm plc, the previous corporate name of Content, and Content was added as a defendant in the Prior US Action. This Court entered an Order on August 16, 2005 staying the Prior US Action by reason of the Canadian Action and later entered an Order on February 28, 2008 dismissing the Prior US Action by reason of a failure of Plaintiff's Predecessor to prosecute the Canadian Action at that time. By reason of these orders, this Court has made a final determination that the Canadian Action is the proper forum to resolve Plaintiff's Predecessors' claims for copyright infringement against the CanWest Parties.

17. Plaintiff's Predecessors prosecuted the Canadian Action and obtained an Order from the Honorable Justice Whitaker of the Ontario Superior Court dated 10 February, 2011 ("Summary Judgment Order") granting the declaratory relief sought in the Canadian Action and the Prior US Action regarding the Pictures. Upon receipt of the Summary Judgment Order, Content by special appearance moved the Ontario Superior Court to set aside the Canadian Order, without accepting jurisdiction of the

8

1  Ontario Superior Court or requesting to be added as a party to the Canadian Action.
2  This motion was denied by the Honorable Justice Whitaker on May 2, 2011 ("Denial
3  Order").  True and correct copies of the Summary Judgment and Denial Orders are
4  attached hereto as Exhibit "A."
5
6          18.   Plaintiff's Predecessors gave notice to Paramount in three letters dated
7  January 20, 2005, March 18, 2005, and May 5, 2005, true and correct copies being
8  attached hereto as Exhibit "B," that all sums due to the CanWest Parties with respect
9  to the Pictures was and would become due to Plaintiff's Predecessors.  Paramount
10  failed and refused to comply with Plaintiff's Predecessors' demand.  Plaintiff gave
11  prompt notice to Paramount of both the Summary Judgment Order and the Denial
12  Order and demanded that Paramount pay all sums due to the CanWest Parties or
13  Content to Plaintiff.  Paramount has failed and refused to comply with Plaintiff's
14  demand.
15
16          19.   Plaintiff intends to file or has filed an action in the High Court of
17  England against Defendants seeking damages and injunctive relief solely with respect
18  to the United Kingdom copyright to the Pictures (as against Paramount) and with
19  respect to copyright in the nations within the European Union including the United
20  Kingdom (as against Content).  The courts of England do not have jurisdiction (and
21  the pleadings are framed accordingly) regarding the claims made in this action with
22  respect to infringement of United States copyright or with respect to imposition of a
23  constructive trust for proceeds realized by Defendants in foreign nations from
24
25
26
27
28

COMPLAINT FOR COPYRIGHT INFRINGEMENT; DECLARATORY RELIEF; ACCOUNTING

1  infringement of United States copyright.

2    20. Defendants and each of them as purported assignees or licensees of the

3  CanWest Parties are bound to the Summary Judgment Order and the Denial Order by

4  privity and are estopped to contest, deny or challenge the Summary Judgment Order

5  or the Denial Order, or any elements thereof, based inter alia on the findings in

6  Paragraphs 5, 7 and 14 of the Denial Order.

7

8          FIRST CAUSE OF ACTION

9           (Copyright Infringement)

10

11    21. Plaintiff incorporates by reference the allegations of Paragraphs 1

12  through 20 of this Complaint as though fully set forth herein.

13    22. Defendants and each of them have infringed and continue to infringe the

14  United States copyrights and rights under copyrights owned by Plaintiff in and to the

15  Pictures (including Plaintiff Rights), as established by the Summary Judgment Order.

16  Plaintiff has suffered and sustained damaged from Defendants' infringement of

17  Plaintiff copyrights and rights under copyrights in an amount of no less than

18  $20,000,000. Plaintiff as prevailing party is and will be entitled to receive its attorney

19  fees and costs of suit pursuant to 17 USC §505, both in this proceeding and all prior

20  proceedings as alleged hereinabove.

21          SECOND CAUSE OF ACTION

22           (Declaratory Relief)

23    23. Plaintiff incorporates by reference the allegations of Paragraphs 1

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT; DECLARATORY RELIEF; ACCOUNTING

through 22 of this Complaint as though fully set forth herein.

24.   An actual controversy has arisen and now exists between Plaintiff and Defendants as to their legal rights and duties under the Copyright Act of 1976 as amended with respect to the Pictures in that Plaintiff contends that (a) Defendants have no right to use or exploit Plaintiff's Rights in the copyrights and rights under copyright in the Pictures without authorization from Plaintiff, and payment of all receipts to Plaintiff; and (b) neither Content nor the CanWest Parties is the owner or grantee of Plaintiff's Rights in any Picture (including "Believer").   Defendants contend that they may use and exploit the copyrights and rights under copyright in the Pictures and transfer such to others without authorization from Plaintiff and without payment of all receipts to Plaintiff, and that Content is the owner of the copyright in "Believer."

25.   In view of actual controversy concerning the parties' obligations with respect to the Plaintiff's Rights in the Pictures, Plaintiff seeks a declaration that Defendants have no right to use or exploit Plaintiff's Rights in the copyrights and rights under copyright in the Pictures without authorization from Plaintiff and payment of all receipts to Plaintiff, that no such authorization has been given by Plaintiff to Content or the CanWest Parties, and that The Believer LLC is the owner of the copyright in "Believer."

COMPLAINT FOR COPYRIGHT INFRINGEMENT; DECLARATORY RELIEF; ACCOUNTING

## THIRD CAUSE OF ACTION

### (Accounting)

26.   Plaintiff incorporates by reference the allegations of Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.   Defendants have failed and refused and continue to fail and refuse to account to and pay to Plaintiff for monies had and received from use of Plaintiff's Rights in copyrights or rights under United States copyrights in the Pictures.   An accounting is necessary and appropriate since the precise monies due from Defendants to Plaintiff are unknown to Plaintiff and cannot be ascertained without an accounting. Plaintiff has demanded a full and proper accounting, which Defendants have denied and refused.

## FOURTH CAUSE OF ACTION

### (Attorney Fees)

28.   Plaintiff incorporates by this reference the allegations of Paragraphs 1 through 27 of this Complaint as though set forth fully herein.

29.   Pursuant to the Denial Order, Content was ordered to pay C$14,000 in attorneys fees incurred by Plaintiff in seeking and obtaining the Denial Order. Content has failed and refused to pay such sums to Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on its claim for actual and/or statutory damages for infringement of copyright.

12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A. A declaration that Defendants have no right to use or exploit the copyrights and rights under copyright in the Pictures owned by Plaintiff or to transfer such rights to other persons without authorization from Plaintiff and payment of all receipts to Plaintiff, that no such authorization has been given by Plaintiff, and that The Believer LLC is the owner of the United States copyright in "Believer."

B.   Actual and/or statutory damages for infringement of the United States copyright in the amount of no less than $20,000,000.

C.   For an accounting of all gross receipts derived from the Pictures or any of them.

D.   For establishment of a constructive trust in favor of Plaintiff for all receipts by Defendants derived from the Pictures or any of them.

E.   For issuance of a preliminary and permanent injunction prohibiting Defendants from continued infringement of Plaintiff's Rights in the Pictures or transferring copyright in the Pictures to other persons and mandating Paramount to pay all gross receipts from the Pictures due to Content or the CanWest Parties to Plaintiff.

F.   For interest (including the judgment interest and otherwise as permitted by law) at the maximum legal rate or rates; and

G.   For attorneys fees and costs of suit herein under 17 USC §505 and under

COPYRIGHT INFRINGEMENT; DECLARATORY RELIEF; ACCOUNTING

1 | the terms of the Denial Order.

2 |   H.    Such other and further relief as the Court deems just and proper.

3 |

4 | DATED: May 26, 2011          Respectfully submitted,

5 |                             PETER M. HOFFMAN

6 |                             By:

7 |

8 |                             Peter M. Hoffman
                                Attorney for Plaintiff Seven Arts Filmed
9 |                             Entertainment Limited

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "A"

Court File No. 03-CV-247553CM2

*ONTARIO*
SUPERIOR COURT OF JUSTICE

THE HONOURABLE )   THURSDAY THE 10 TH
)
JUSTICE  WHITAKER  )   DAY OF FEBRUARY, 2011

B E T W E E N:

## CINEVISIONS and STANDER PRODUCTIONS LIMITED

Moving Parties
(Plaintiffs)

- and -

## FIREWORKS ENTERTAINMENT, INC., CANWEST ENTERTAINMENT INTERNATIONAL DISTRIBUTION and FIREWORKS PICTURES RELEASING (U.S.), INC.

Responding Parties
(Defendants)

## O R D E R

THIS MOTION, made by the Plaintiffs for a partial summary judgment against the Defendants, Fireworks Entertainment, Inc., CanWest Entertainment International Distribution, and Fireworks Pictures Releasing (U.S.) Inc., was heard this day, at Toronto, Ontario.

ON READING the motion record and supplementary motion record of the Plaintiffs, and on hearing the submissions of the lawyer for the Plaintiffs.

1.     THIS COURT ORDERS that a declaration is granted that the Plaintiffs are, and have been at all times relevant to this action, the owner of the following copyrights registered and

- 2 -

enforceable pursuant to the United States Copyright Act of 1976, as amended ("USCA") to the following works (the "Copyrighted Works"):

    (a)    the screenplay for the motion picture entitled *An American Rhapsody* issued as Certificate No. PAu 2-452-675 by the United States Copyright Office ("USCO").

    (b)    the screenplay for the motion picture entitled *The Believer* issued as Certificate No. PAu 2-454-345 by the USCO.

    (c)    the screenplay for the motion picture *Who Is Cletis Tout* issued as Certificate No. PAu 2-626-148 by the USCO.

    (d)    the motion picture entitled *An American Rhapsody* issued as Certificate No. PAu 2-575-028 by the USCO.

2.    THIS COURT ORDERS that a declaration is granted that the Plaintiffs are and have been at all times relevant to this action, the owner of exclusive rights to the following copyrights (also "Copyrights") registered and enforceable pursuant to the USCA relating to the following additional copyrighted works (also "Copyrighted Works").

    (a)    Worldwide Distribution Rights (i.e., theatrical, non-theatrical, video and television rights) to the motion picture entitled *The Believer* issued as Certificate No. PA 1-125-575 by the USCO.

    (b)    International Distribution Rights (i.e., theatrical, non-theatrical, video and television rights outside the United States and Canada) to the motion picture entitled *Rules of Engagement* issued as Certificate No. PA 1-986-138 by the USCO.

- 3 -

(c)   Worldwide Distribution Rights (i.e., theatrical, non-theatrical, video and television rights) to the motion picture entitled *Onegin* issued as Certificate No. PAu 2-396-125 by the USCO.

3.   THIS COURT ORDERS that a declaration is granted that the Plaintiffs have granted no rights or interest in the Copyrights or the Copyrighted Works to any Defendant.

4.   THIS COURT ORDERS that a declaration is granted that the Defendants have infringed and continue to infringe the Plaintiffs' rights in the Copyrights and the Copyrighted Works by using, granting to others the right to use, and continuing to use and grant to others the right to use the Copyrights and Copyrighted Works.

5.   THIS COURT ORDERS that the amounts paid into Court by the Plaintiffs as security for costs plus any accrued interest be refunded to the Plaintiffs' solicitors in trust.

6.   THIS COURT ORDERS that the balance of the Plaintiffs' claim be discontinued without costs.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

FEB 1 0 2011

AS DOCUMENT NO.:
À TITRE DE DOCUMENT NO.:
PER / PAR:

Court File No: 03-CV-247553CM2

CINEVISIONS et al.
Plaintiffs

and

FIREWORKS ENTERTAINMENT, INC.
et al. Defendant

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced at Toronto

**O R D E R**

**Sack Goldblatt Mitchell LLP**
Barristers & Solicitors
20 Dundas St. West, Suite 1100
Toronto, ON M5G 2G8

Louis Sokolov LSUC#: 34483L
Tel: (416) 979-6439
Jill Copeland LSUC#: 36668F
Tel: (416) 979-6970
Fax: (416) 591-7333

Lawyers for the Moving Parties/Plaintiffs

FEB-11-2011  09:32      JUGDES ADMIN RM 170                416 327 5417    P.002/003

CITATION: Cinevisions v. Fireworks Entertainment, Inc., 2011 ONSC 972
COURT FILE NO.: 03-CV-247553CM2
DATE: 20110211

SUPERIOR COURT OF JUSTICE - ONTARIO

RE:        CINEVISIONS and STANDER PRODUCTIONS LIMITED, Plaintiffs

           AND:

           FIREWORKS ENTERTAINMENT, INC., CANWEST ENTERTAINMENT
           INTERNATIONAL DISTRIBUTION and FIREWORKS PICTURES
           RELEASING (U.S.), INC., Defendants

BEFORE:    WHITAKER J.

COUNSEL:   *Louis Sokolov and Jill Copeland,* for the Plaintiffs

           *Arlen Sternberg,* former counsel for the Defendants

           *Ashley Taylor,* counsel for the Trustee in Bankruptcy, FTI Consulting Canada Inc.

HEARD:     February 10, 2011

### ENDORSEMENT

[1]   This is a motion brought under Rule 20 by the plaintiffs for partial summary judgment against the defendants.   More particularly, the plaintiffs seek declarations confirming their ownership of a series of copyrights in relation to motion pictures and screenplays.

[2]   The copyrights in issue are all registered and enforceable pursuant to the United States *Copyright Act* of 1976. Each property is the subject of a Certificate issued by the United States Copyright Office.

[3]   It would appear that the three defendants who initially appeared in this action have all ceased to exist following various insolvency proceedings in the United States, Ireland and Canada.

[4]   On reviewing the pleadings and affidavits filed by the plaintiffs, I find there are no issues which require a trial and this matter can be determined by summary judgment.

[5]   I am satisfied that this court has jurisdiction over the action and in any event should be the forum for litigation.  Indeed, Marrocco J. has determined this question in an earlier motion in these proceedings.  Although not binding on this court, in related litigation in the United States, two Federal Court Judges have also determined that Ontario is the appropriate forum for this dispute.

- Page 2 -

[6]     While Ontario is the appropriate forum for this litigation, it is the law of the United States that applies to these disputes as the copyrights originated there and the alleged breaches occurred there.

[7]     The plaintiffs rely on the expert opinion evidence of Professor Neil Netanel for the assertion that the plaintiffs did not transfer any rights or interests in the copyrights to the defendants.

[8]     Having reviewed the CV and qualifications of Professor Netanel, I find that he is qualified to provide the opinion evidence relied upon by the plaintiffs and that such evidence is necessary for the disposition of this matter.

[9]     I accept the evidence of Professor Netanel.

[10]    Pursuant to section 5 of the *Copyright Act*, the rights in the copyrighted works subsist in Canadian law.

[11]    In the result, the plaintiffs shall be refunded the $100,000.00 paid into Court as security.

[12]    The motion for partial summary judgment is granted.

[13]    Order accordingly.

[14]    If costs are being sought, written submissions shall be provided within 10 days of the date of this endorsement.

_____
Whitaker J.

Date: February 11, 2011

Court File No.  03-CV-247553CM2

*ONTARIO*
SUPERIOR COURT OF JUSTICE

| | |
|---|---|
| THE HONOURABLE | )   MONDAY THE 2ND |
| | ) |
| JUSTICE WHITAKER | )   DAY OF MAY, 2011 |

B E T W E E N :

### CINEVISIONS and STANDER PRODUCTIONS LIMITED

Plaintiffs

- and -

### FIREWORKS ENTERTAINMENT, INC., CANWEST ENTERTAINMENT INTERNATIONAL DISTRIBUTION and FIREWORKS PICTURES RELEASING (U.S.), INC.

Defendants

-and-

### CONTENT MEDIA CORPORATION INTERNATIONAL LIMITED

### O R D E R

THIS MOTION, made by Content Media Corporation International Limited ("Content") for an Order setting aside or varying the Order of this Court dated February 10, 2011 granting partial summary judgment to the Plaintiffs, and this cross-motion made by the Plaintiffs for an Order striking out or dismissing Content's motion as an abuse of process were heard on April 28, 2011 at Toronto, Ontario.

ON READING the motion records of Content and the Plaintiffs, and on hearing the submissions of the lawyers for Content and the lawyer for the Plaintiffs.

- 2 -

1.    THIS COURT ORDERS that Content's Motion is dismissed.

2.    THIS COURT ORDERS that the Plaintiffs' Cross-Motion is dismissed.

3.    THIS COURT ORDERS that Content forthwith pay the Plaintiffs' costs fixed at
$14,000.00.

4.    THIS ORDER BEARS INTEREST at the rate of 3 percent per year commencing on
May 2, 2011.

ENTERED AT / INSCRIPT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

MAY 1 7 2011

AS DOCUMENT NO.:
A TITRE DE DOCUMENT NO.:
PER / PAR:

A-K Fedson, Registrar
Superior Court of Justice

CINEVISIONS et al.
Plaintiffs

and

FIREWORKS ENTERTAINMENT, INC.
et al. Defendant

Court File No: 03-CV-247553CM2

*ONTARIO*
SUPERIOR COURT OF JUSTICE

Proceeding commenced at Toronto

O R D E R

Sack Goldblatt Mitchell LLP
Barristers & Solicitors
20 Dundas St. West, Suite 1100
Toronto, ON M5G 2G8

Louis Sokolov LSUC#: 34483L
Tel: (416) 979-6439
Fax: (416) 591-7333

Lawyers for the Plaintiffs

CITATION: Cinevisions v. Fireworks Entertainment, Inc., 2011 ONSC 2698
COURT FILE NO.: 03-CV-247553CM2
DATE: 20110502

SUPERIOR COURT OF JUSTICE - ONTARIO

RE:  CINEVISIONS and STANDER PRODUCTIONS LIMITED

Plaintiffs

AND:

FIREWORKS ENTERTAINMENT, INC., CANWEST ENTERTAINMENT
INTERNATIONAL DISTRIBUTIONS and FIREWORKS PICTURES
RELEASING (U.S.), INC.

Defendants

AND:

CONTENT MEDIA CORPORATION INTERNATIONAL LIMITED

BEFORE:  Whitaker J.

COUNSEL:  *Louis Sokolov*, for the Plaintiffs

*Sandra Barton and Mark Hines*, for Content Media Corporation International
Limited, Third Party

HEARD:  April 28, 2011

## ENDORSEMENT

[1]  There are two motions before me.

[2]  The first motion is brought under Rule 37.14(1)(b) by Content Media Corporation
International Limited ("Content"). Content seeks to set aside an Order made by me on February
11, 2011 granting partial summary judgment to the plaintiffs (together "Cinevisions")

[3]  Content is not a party to this action, has not sought to be added as a party and does not
intend to seek to be added as a party if successful on their motion.

[4]  The second motion is brought by Cinevisions, seeking to strike the first motion and
requesting a finding that the first motion is an abuse of process.

- Page 2 -

[5]     The motion which resulted in my Order of February 11, 1011, was made by Cinevisions on February 10, 2011 on notice to Content and all parties, with appropriate service of the motion material. The motion was unopposed.

[6]     In their motion, Cinevisions sought and obtained declarations concerning their ownership of a series of copyrights in relation to motion pictures and screenplays.

[7]     Content's General Counsel reviewed the motion material in advance of the motion and chose not to participate in the motion.

[8]     Content claims to have decided not to participate in the February 10, 2011 motion for two reasons.    Firstly, Content assumed the defendant Fireworks Entertainment, Inc. ("Fireworks") would oppose the motion and safeguard Content's interests. Secondly, and in any event, Content was of the view that the Orders sought by Cinevisions in the motion, would if granted, not affect Content's interests and could not form a legitimate basis for an action by Cinevisions against Content outside of Canada.   In other words, Content remained confident that it would be unaffected even if Cinevisions was successful in the motion for partial summary judgment.

[9]     Content claims that it "made a mistake" about the position that Fireworks would take on the motion for summary judgment.  Content maintains that it was correct in its position that the summary judgment order would be of no force and effect outside of Canada.

[10]    Content claims that this misunderstanding about what Fireworks would do in the summary judgment motion is a "mistake" for purposes of Rule 37.14(1)(b) and permits the court to provide the relief now sought.

[11]    Rule 37.14 permits a party or any other person to move to set aside or vary an order under certain circumstances.  The Rule essentially works to permit an order to be set aside where it would be unfair and unjust to allow it to stand due to error, accident or insufficient notice.

[12]    The weight of authority interpreting the application of the Rule 37 is to the effect that there can be no "mistake" for purposes of the Rule where the party seeking to vary has failed to participate in the original motion – of their own volition.    In what is regarded as the leading case, *Ewert v. Chapnick*, [1995] O.J. No. 859, (Ont. Ct. (Gen. Div.)), Somers J. of this court noted at para. 8:

> In my view, the plaintiff's counsel did not fail to attend before the Master through accident, mistake or insufficient notice.  Rather, she chose not to appear on her own volition.  The provisions of rule 37.14(1) do not apply.

[13]    This reasoning is followed in *Leblanc v. York Catholic District School Board*, [2002] O.J. No. 4640, S.C.J. at para. 40:

> In the end, I am convinced that Mr. LeBlanc did not fail to attend at the hearing before Justice Rivard on September 19 because of a mistake or an accident or insufficient notice.  He did not attend simply because he had decided not to do so for his own reasons.   Such a decision does not meet the criteria of rule 37.14(1)(b): See: *Ewert v. Chapnick*, [1995] O.J. No. 859 (Superior Court).

- Page 3 -

And in *Kissin v. Kissin*, [2005] O.J. No. 3365 S.C.J. at para. 20:

> The Applicant's solicitor served the Respondent in accordance with the Rules of Civil Procedure. Because of the arrangements made by the Respondent, she claims not to have had notice. If so, this was not the result of accident or mistake, nor was it because of insufficient notice. In circumstances such as these, where a party of his or her volition does not receive notice, she cannot invoke Rule 38.11(1) (now 37.14).

[14] In this case, it is clear and I so find, that Content did not make a mistake about the nature of the summary judgment motion, or the potential consequences if the motion were to be successful. If there is any mistake, it is with respect to what another party would do to participate in the motion.

[15] Despite this assertion of mistake, Content continues to take the position that their original decision not to participate was the correct one on the basis that the Order of February 11, 2011 will not be binding outside of Canada. Further, if successful on this motion, Content will not seek to be added as a party.

[16] I conclude that the threshold provisions of Rule 37.14 which would permit the exercise of my discretion to vary or set aside the Order have not been met. Content chose "of its own volition" to not attend or seek party status on the original motion. Even if I am wrong on the threshold question, and there has been a "mistake" for purposes of Rule 37.14(1)(b), the relief sought is discretionary as section 37.14(2) indicates that the court "may" set aside or vary the Order. In this case, where the party seeking to set aside the rule has indicated that they do not intend to participate if successful and assert that they would remain unaffected by the Order, it is not appropriate to exercise the discretion to grant the relief.

[17] The motion under Rule 37.14 is dismissed.

[18] I am not satisfied that Content's motion is an abuse of process. The cross motion is dismissed.

[19] Content sought costs of $34,000 inclusive of taxes and disbursements if successful and Cinevisions sought $14,369.87, both on a partial indemnity basis. Having regard to the considerations described in Rule 57 which should inform my discretion to determine costs, particularly the amount of costs that the unsuccessful party could reasonably anticipate to pay, Cinevisions is entitled to its costs inclusive of taxes and disbursements, fixed at $14,000.00 payable forthwith.

[20] Order accordingly.

WHITAKER J.

Date: May 2, 2011

EXHIBIT "B"



January 20, 2005

David Friedman
Paramount Pictures Corp.
5555 Melrose Avenue
Hollywood, California 90038

RE:  Seven Arts/Fireworks Entertainment.

Dear David:

I am writing this letter on my own behalf and that of CineVisions, both the predecessor in interest of Seven Arts Pictures Inc. (collectively "Seven Arts").  Seven Arts produced and distributed with Fireworks Entertainment approximately eleven motion pictures including "Rules of Engagement," "Rat Race," "Hardball," "Cletis Tout," "American Rhapsody," and "A Shot at Glory" (collectively " the Pictures").  Seven Arts has filed suit against Fireworks in the Ontario courts which had been delayed while the parties pursued mediation.  It appears that a mediation will not be successful and this litigation will recommence.  Seven Arts claims ownership of the Pictures in this litigation.

This letter will give you notice that Fireworks has no further right to distribute the Pictures or collect any sums due as respect to the Pictures,  and all such rights have reverted to Seven Arts by reason of the numerous material breaches of the respective agreements between Seven Arts and Fireworks.  Therefore, Seven Arts demands that Paramount pay all sums due with respect to such Pictures to Seven Arts and not to pay such sums to Fireworks until resolution of the litigation currently pending in Canada.

This letter is not a complete statement of Seven Arts' position and all its rights are reserved.

Very truly yours,

Peter M. Hoffman

PMH/ls

cc:  Bill Bernstein



March 18, 2005

David Freedman
Paramount Pictures
5555 Melrose
Los Angeles, California 90035

RE:  Seven Arts Pictures

Dear David:

I understand you are considering an indemnity from CanWest Entertainment regarding payment of sums due on various Seven Arts pictures reportedly distributed by CanWest.  Seven Arts respectfully requests Paramount to reconsider this position.  As least with respect to the motion pictures Rules of Engagement, An American Rhapsody and Cletis Tout, CanWest cannot produce to you appropriate chain of title on these pictures to indicate that it has the distribution rights it purports to grant to Paramount.

On all of these pictures, there are no written agreements executed between Seven Arts and any CanWest or Fireworks company that would permit either to grant distribution rights to Paramount.  Seven Arts respectfully requests Paramount to demand of CanWest production of this chain of title as a prerequisite to payment of any future sums, and of course received the right to make appropriate claim of copyright infringement should Paramount continue to distribute these pictures.

This is not a complete statement of Seven Arts' rights in the premises and all our rights are reserved.

Very truly yours,

Peter M. Hoffman

PMH/ls

Seven Arts Pictures
10202 W. Washington Blvd., David Lean Bldg., #430
Culver City, CA 90232
Tel: (310) 244-6757 ~ Fax: (310) 244-0567
Direct Email: phoffman@7artspictures.com



SEVEN ARTS

May 5, 2005

David Friedman
Paramount Pictures
5555 Melrose Avenue
Los Angeles, California 90038

RE:  Seven Arts v. Fireworks

Dear David:

I read the documents you sent over to me and it is truly outrageous that CanWest would use these documents as chain of title. These documents (some of which I don't remember at all) were at best used during the course of our joint venture to support third party sales that I made. They in no way constitute an overall deal between CanWest and myself and as I indicated to you, CanWest in their answer in my litigation in Canada has denied there is any agreement between Seven Arts and CineVisions and CanWest. I can provide this document to you.

I attach a proper complete copy of the Complaint in the copyright action and I am adding ContentFilm, their expected transferee, to the Complaint. I urgently request Paramount reconsider its position in this matter as these chain of title documents cannot change the clear statement by CanWest in the litigation in Canada that no agreement exists between my companies and it on these pictures.

Paramount should not to put itself in the middle of this dispute until it is resolved by proper judicial proceedings. I can provide further evidence to you and your counsel if you so desire.

I look forward to your reply. Best regards.

Very truly yours,

Peter M. Hoffman

Enclosure

Seven Arts Pictures
10202 W. Washington Blvd., David Lean Bldg., #430
Culver City, CA 90232
Tel: (310) 244-6757 ~ Fax: (310) 244-0567
Direct Email: phoffman@7artspictures.com